**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MHD YAHYA ALGHAFIR AND TRUE CALL TELECOM D/B/A TRUE CALL** | §<br>§<br>§<br>§<br>§ | **Civil Action No. 4:19-cv-369** |
| *Plaintiffs*, | §<br>§ | |
| **v.** | §<br>§ | |
| **TRUE SOFTWARE SCANDINAVIA AB** | §<br>§ | |
| *Defendant*. | §<br>§ | |

<u>**PLAINTIFFS' ORIGINAL COMPLAINT**</u>

Plaintiff, MHD Yahya Alghafir and TRUE CALL Telecom d/b/a TRUE CALL (collectively "Plaintiffs" or "TRUE CALL") bring this suit against Defendant True Software SCANDINAVIA AB (hereinafter "TRUECALLER") and states as follows:

## I.      NATURE OF ACTION

1.      Plaintiffs bring this action at law and in equity for trademark infringement, and dilution, unfair competition and unfair business practices arising under the Trademark Act of 1946, 15 U.S.C. §§1051 *et seq.* (2009) ("Lanham Act"); the anti-dilution laws of the State of Texas; the fair business practices and unfair and deceptive trade practices of the State of Texas and the common law.   Among other relief, Plaintiffs asks this Court to: (a) permanently enjoin TRUECALLER from marketing or selling prepaid communication services bearing the confusingly similar imitation of the TRUE CALL Mark;  (b) award Plaintiffs monetary damages and to treble that award; (c) require TRUECALLER to disgorge all profits from sales of the

infringing prepaid communication services; and (d) award Plaintiffs punitive damages, attorneys' fees and costs.

## II.    PARTIES

2.      Plaintiff MHD Yahya Alghafir is a Texas citizen who owns a registration for the mark for True Call Telecom d/b/a True Call.

3.      Plaintiff TRUE CALL Telecom d/b/a True Call ("TRUE CALL") is in the business of prepaid telecommunications calling card services and telephone calling card services.

4.      True Software SCANDINAVIA AB. ("TRUECALLER") provides goods and services involving software for processing, transmission, sending, collection, forwarding and reception of data, information, video, messages, text, calls, audio, graphics and images. TRUECALLER is a limited liability company organized and existing under the laws of Sweden with its principal place of business at Kungsgaten 15, 111 43 Stockholm SWEDEN. TRUECALLER according to its website also has offices in San Francisco, CA., Unites States.

## III.    JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. §1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over TRUECALLER because, on information and belief, (a) TRUECALLER has marketed, distributed, offered for sale, and/or sold the infringing pre-paid communications services via its website (www.truecaller.com) and its App to persons within the State of Texas; (b) TRUECALLER regularly transacts and conducts business within the State of Texas; and/or (c) TRUECALLER regularly transacts and conducts business within the State of Texas sufficient to permit the exercise or personal jurisdiction.

## IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.    THE TRUE CALL TRADEMARK

7.    Plaintiffs reserved all rights to use the TRUE CALL mark on December 7, 2006 for the purposes of "Prepaid telecommunications calling card services; Telephone calling card services" in International class 036.  It is common knowledge that all goods or services are categorized within International Classes ("IC").  Goods run from classes IC 1-34, while Services are in IC 35-45.  On September 18, 2007 the USPTO registered the mark TRUE CALL under Reg. No. 3293061 to Plaintiff TRUE CALL.

8.    In pertinent part the following IC's are have been accepted by the USPTO. Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C §§ 1058 and 1065, and this registration is incontestable.

| CLASS | DESCRIPTION | STATUS | EFFECTIVE DATE |
|-------|-------------|--------|----------------|
| 036 | Issuing prepaid telecommunicatio00n calling cards | M | 01-Jan-2016 |
| 036 | Issuing prepaid telephone calling cards. | M | 01-Jan-2016 |

9.    TRUE CALL's  registered trade mark issued on September 18, 2007.  On May 23, 2014,  TRUE CALL's registration was renewed for all services recited in the original registration.

10.    For years, TRUE CALL's prepaid cards have been purchased by consumers who regularly make international calls in and out of the United States.

11.    As a result of TRUE CALL's continuous and exclusive use of the TRUE CALL Mark in connection with prepaid communication calling cards, the mark enjoys wide public acceptance and association with TRUE CALL and has come to be recognized widely and favorably by the public as an indicator of the origin of TRUE CALL's Mark.

3

12.     As a result of TRUE CALL's extensive use and promotion of the TRUE CALL Mark, TRUE CALL has built up and now owns extremely valuable goodwill that is symbolized by the mark.  The purchasing public has come to associate the TRUE CALL Mark with TRUE CALL.

**B.     TRUE CALLER'S UNLAWFUL ACTIVIVITIES**

13.     In blatant disregard of TRUE CALL's rights, TRUECALLER is marketing and offering for sale and selling in interstate commerce prepaid communication services through its website (www.truecaller.com), and a mobile phone application (the "App") called TRUECALLER (the "Infringing Name").  The Infringing Name closely mimics the mark of TRUE CALL.

14.     On February 21, 2013 TRUECALLER filed Application Serial No. 79/135,497 to register the mark TRUECALLER.  However, TRUECALLER's application was refused in a first Office Action dated November 10, 2014.  As grounds for refusal, the Examining Attorney indicated that the applied for mark would be refused registration because of a likelihood of confusion with U.S. Reg. Nos. 3243798, 3293061, 3320541, and 4542125.  Notably, TRUE CALL is the registrant of Reg. No. 3293061 as of September 18, 2007.

15.     As a direct competitor, TRUECALLER uses and operates a website (www.truecaller.com) and an App that offers and provides prepaid communications overseas to the same consumers as TRUE CALL *and* TRUECALLER's Infringing Name sells the same prepaid communications via the internet or through its App.  On its website, TRUECALLER describes its services as follows:

> "TRUECALLER offers certain features or services for which a fee will be payable ("Paid Services"). Your purchase of the Paid Services may be subject to foreign exchange fees or differences in prices based on location.  If You purchase or subscribe to such Paid Services. You agree to pay us the applicable fees

("TRUECALLER Fees") and taxes in accordance with the applicable third party payment and billing terms, based on the platform You are using, which are incorporated herein by reference. You will be charged the applicable fees and taxes during the subscription period unless You cancel the Paid Service, in which case You agree to still pay these fees through the end of the applicable subscription period. We may change the TRUECALLER Fees from time to time by posting the changes in or on the Services or by notifying You in advance. All fees are, except as otherwise expressly provided herein or as required by applicable law, non-refundable. Failure to pay these fees may result in suspension or termination of your Service or subscription."

*See* www.truecaller.com/terms_of_use

16      Indeed, on July 26, 2016, TRUECALLER updated its software to version 7.0 which now allows for users to now, "make calls with TRUECALLER!"  See **Exhibit A.**  In doing so, TRUECALLER is now unjustly enriching itself by maliciously infringing on TRUE CALL's registered trademark.  The App runs on Android, iOS, Windows Phone and BlackBerry 10.  Upon information and belief, the App is available for download through Apple's App store, Google's Play Store, Microsoft App Store and Facebook's App Center.

17.      Without a doubt, TRUECALLER had knowledge of and was very familiar with the name TRUE CALL when it began marketing, promoting offering for sale and selling prepaid communication services using the Infringing Name. Clearly, TRUECALLER intentionally adopted and used a confusingly similar imitation of the TRUE CALL Mark knowing that the Infringing Name would mislead and deceive customers into believing that TRUECALLER's prepaid communication services was authorized or licensed by TRUE CALL or that the prepaid communication services originated from TRUE CALL.

18.      The Infringing Name used to market, promote, offer for sale, and sell prepaid communications overseas by TRUECALLER is not authorized by TRUE CALL.  Nor is TRUECALLER associated, affiliated, or connected with TRUE CALL, or licensed, authorized,

sponsored, endorsed, or approved by TRUE CALL in any way. Nonetheless, TRUECALLER takes pride in offering prepaid communication services featured in its App as displayed below:



19.     TRUE CALL used the TRUE CALL Mark extensively and continuously before TRUECALLER began (i) using the Infringing Name in prepaid communications services; or (ii) marketing, promoting, offering for sale and selling prepaid communications services using the Infringing Name.

20.     The likelihood of confusion, mistake and deception engendered by TRUECALLER's infringement of TRUE CALL's Mark is causing irreparable harm to the goodwill symbolized by the mark and the reputation for quality that it embodies.

21.     TRUECALLER's activities are likely to cause confusion before, during, and after the time of purchase of TRUECALLER's prepaid communications services because purchasers, prospective purchasers and others viewing TRUECALLER's Infringing Name at the point of sale—due to TRUECALLER's use of a confusingly similar imitation of the TRUE CALL Mark—

to mistakenly attribute the prepaid communication services to TRUE CALL.  By causing a likelihood of confusion, mistake and deception, TRUECALLER is inflicting irreparable harm on the goodwill symbolized by the TRUE CALL Mark and the reputation for quality that it embodies.

22.     On information and belief, TRUECALLER continues to use the Infringing Name in connection with the sale of prepaid communications that directly competes with the prepaid communications offered by TRUE CALL. TRUECALLER  began selling prepaid communication services well after TRUE CALL had established protectable rights in the prepaid communications industry using  the TRUE CALL Mark.

23.     On further information and belief, TRUECALLER knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitation of TRUE CALL's Mark.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

24.     TRUE CALL repeats and incorporates by reference the allegations in the preceding paragraph

25.     TRUECALLER's use of a confusingly similar imitation of TRUE CALL's Mark is likely to cause confusion, deception and mistake by creating the false and misleading impression that TRUECALLER's prepaid communication services were provided by TRUE CALL, or are associated or connected with TRUE CALL, or have the sponsorship, endorsement, or approval of TRUE CALL.

26.     TRUECALLER's Infringing Name is confusingly similar to TRUE CALL's federally registered mark in violation of 15 U.S.C. § 1114.  TRUECALLER's activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception

of members of the trade and public, and, additionally, injury to TRUE CALL's goodwill and reputation as symbolized by TRUE CALL's Mark, for which TRUE CALL has no adequate remedy at law.

27.     TRUECALLER's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with TRUE CALL's Mark to TRUE CALL's great and irreparable harm.

28.     TRUECALLER caused and is likely to continue causing substantial injury to the public and to TRUE CALL, and TRUE CALL is entitled to injunctive relief and to recover TRUECALLER's profits, actual damages, enhanced profits and damages, cost and reasonable attorneys' fees under 15 U.S.C. §§1114, 1116 and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

29.     TRUE CALL repeats and incorporates by reference the allegations in the preceding paragraphs.

30.     TRUECALLER's use of a confusingly similar imitation of TRUE CALL's Mark has caused and is likely to cause confusion, deception and mistake by creating the false misleading impression that TRUECALLER's prepaid communication services are provided by TRUE CALL, or are affiliated, connected, or associated with TRUE CALL, or have sponsorship, endorsement or approval of TRUE CALL.

31.     TRUECALLER has made false representations, false descriptions, and false designations of, on, or in connection with its services using TRUE CALL's Mark in violation of 15 U.S.C. § 1125(a).  TRUECALLER's activities have caused and unless enjoined by this Court,

will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to TRUE CALL's goodwill and reputation as symbolized by TRUE CALL's Mark, for which TRUE CALL has remedy at law.

32.     TRUECALLER's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with TRUE CALL's Mark to the great and irreparable injury of TRUE CALL.

33.     TRUECALLER's conduct has caused, and is likely to continue causing, substantial injury to the public and to TRUE CALL.  TRUE CALL is entitled to injunctive relief and to recover TRUECALLER's profits, actual damages, enhanced profits and damages, costs, and reasonable attorney' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

**THIRD CLAIM FOR RELIEF**
**(Federal Trademark Dilution of the TRUE CALL Mark)**

34.     TRUE CALL repeats and incorporates by reference the allegations in the preceding paragraphs.

35.     For years, TRUE CALL has exclusively  and continuously promoted and used the TRUE CALL Mark, both in the United States and throughout the world.  The TRUE CALL became a famous and well-known symbol of TRUE CALL and TRUE CALL's prepaid calling cards well before TRUECALLER began using the Infringing Name or offered prepaid communication services using the TRUE CALL Mark.

36.     TRUECALLER is making use in commerce of the Infringing Name, which dilutes and is likely to dilute the distinctiveness of TRUE CALL's Mark by eroding the public's exclusive identification of TRUE CALL's well-known mark TRUE CALL, tarnishing and degrading the

positive associations and prestigious connotations of the mark and otherwise lessening the capacity of the mark to identify and distinguish TRUE CALL's prepaid communications services.

37.     TRUECALLER's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with TRUE CALL's Mark or to cause dilution of the mark to the great and irreparable injury of TRUE CALL.

38.     TRUECALLER has caused and will continue to cause irreparable injury to TRUE CALL's goodwill and business reputations, and dilution of the distinctiveness and value of TRUE CALL's distinctive mark in violation of 15 U.S.C § 1125(c).  TRUE CALL therefore is entitled to injunctive relief and to TRUECALLER's profits, actual damages, enhanced profits and damages and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FOURTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

39.     TRUE CALL repeats and incorporates by reference the allegations in the preceding paragraphs.

40.     TRUECALLER has been and is passing off prepaid communication services as those of TRUE CALL, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of TRUECALLER's prepaid communication services, causing a likelihood of confusion as to TRUECALLER's affiliation, connection, or association with TRUE CALL, and otherwise damaging to the public.

41.     TRUECALLER's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade or commerce in violation of the unfair and deceptive trade practices statutes of states.

42.     TRUECALLER's unauthorized use of a confusingly similar imitation of TRUE CALL's Mark has caused and is likely to cause substantial injury to the public and to TRUE CALL. TRUE CALL, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

### FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

43.     TRUE CALL repeats and incorporates by reference the allegations in the preceding paragraphs.

44.     TRUECALLER's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of TRUE CALL.  TRUE CALL has no adequate remedy at law for this injury.

45.     On information and belief, TRUECALLER acted with full knowledge of TRUE CALL's use of and statutory and common law right to, TRUE CALL's Mark and without regard to the likelihood of confusion of the public created by TRUECALLER's activities.

46.     TRUECALLER's actions demonstrate an intentional , willful, and malicious intent to trade on the goodwill associated with TRUE CALL's Mark to the great and irreparable injury of TRUE CALL.

47.      As a result of TRUECALLER's acts, TRUE CALL has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, TRUE CALL is entitled to injunctive relief, to an accounting  of TRUECALLER's profits, damages, and costs.  Further, in light of the deliberate and malicious use of the confusingly similar imitation of TRUE CALL's

Mark, and the need to deter TRUECALLER from engaging in similar conduct in the future, TRUE

CALL additionally is entitled to punitive damages.

### SIXTH CLAIM FOR RELIEF
**(State Trademark Dilution and Injury to Business Reputation)**

48.     TRUE CALL repeats and incorporates by reference the allegations in the preceding

paragraphs.

49.     TRUE CALL has extensively and continuously promoted and used the TRUE

CALL Mark throughout the United States, and the TRUE CALL Mark became distinctive,

recognized, and well-known symbol of TRUE CALL's prepaid communication services well

before TRUECALLER began using the Infringing Name or offering the prepaid communication

services using the Infringing Name for sale.

50.     TRUECALLER's conduct dilutes and is likely to dilute the distinctiveness of

TRUE CALL's Mark by eroding the public's exclusive identification of this mark with TRUE

CALL, and tarnishing and degrading the positive associations and prestigious connotations of the

mark, and otherwise lessening the capacity of the mark to identify and distinguish TRUE CALL's

prepaid communication services.

51.     TRUECALLER is causing and will continue to cause irreparable injury to TRUE

CALL's goodwill and business reputation and dilution of the distinctiveness and value of TRUE

CALL's distinctive mark in violation of the Texas anti-dilution laws, TEX. BUS. & COM. CODE

ANN. § 16.29 (Vernon 2009).

52.     TRUE CALL, therefore, is entitled to injunctive relief, damages, and cost, as well

as, if appropriate, enhanced damages, punitive damages and reasonable attorneys' fees .

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray that:

1.      TRUECALLER and all of its agents, officers, employee, representatives, successors, assigns, attorneys, and all other persons acting or, with, by, through or under authority from TRUECALLER, or in concert or participation with TRUECALLER, and each of them, be enjoined from:

a.      advertising, marketing, promoting, offering for sale, or selling prepaid communication services using the Infringing Name TRUECALLER;

b.      using the Infringing Name on or in connection with prepaid communications services;

c.      using the TRUE CALL Mark or any other copy, reproduction, imitation, or simulation of TRUE CALL's Mark on or in connection with prepaid communication services;

d.      using any trademark, name, logo, design, or source designation of any kind on or in connection with TRUE CALL's services that is a copy, reproduction, imitation, or simulation of, or confusingly similar to any of TRUE CALL's trademarks, trade dresses, names, or logos;

e.      using any trademark, name, logo, design or source designation of any kind on or in connection with TRUE CALL's services that is likely to cause confusion, mistake, deception, or public misunderstanding that such services are produced by TRUE CALL, or are sponsored or authorized by TRUE CALL, or are in any way connected or related to TRUE CALL.

13

   f.  using any trademark, name, logo, design, or source designation of any kind or in connection with TRUECALLER's good that dilutes or is likely to dilute the distinctiveness of TRUE CALL's trademarks, trade dresses, names or logos;

   g.  passing off, palming off, or assisting in passing off or palming off TRUECALLER's prepaid communication services as those of TRUE CALL, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

   h.  advertising, promoting, offering for sale or selling prepaid communication services using the Infringing Name.

2.  TRUECALLER be ordered to cease offering prepaid communications services, marketing, promoting and selling and to recall all prepaid communication services using the Infringing Name or any other confusingly similar imitation of TRUE CALL's Mark.

3.  TRUECALLER be compelled to account to Plaintiffs for any and all profits derived by TRUECALLER from the sale of prepaid communication services using the Infringing Name;

4.  Plaintiffs be awarded all damages caused by the acts forming the basis of this complaint;

5.  Based on TRUECALLER's knowing and intentional use of a confusingly similar imitation of the TRUE CALL Mark, the damages awarded be trebled and the award of TRUECALLER's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

14

6.      TRUECALLER be required to pay Plaintiffs the costs and reasonable attorneys' fees incurred by TRUE CALL in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

7.      Based on TRUECALLER's willful and deliberate infringement and/or dilution of the TRUE CALL Mark, and to deter such conduct in the future, Plaintiffs be awarded punitive damages;

8.      TRUE CALL be awarded prejudgment and post-judgment interest on all monetary awards; and

9. TRUE CALL be granted such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable.

DATED:  February 1, 2019.

Respectfully submitted,

/s/ *Mehdi Cherkaoui*
Mehdi Cherkaoui
Attorney in Charge
Texas Bar No. 24086077
Cherkaoui & Associates, P.L.L.C.
1200 Smith Street, Suite 1600
Houston, TX 77002
Telephone: (281) 946-9466
Facsimile: (877) 282-7874
Email: mehdi@cherkaouilawfirm.com

**ATTORNEY FOR PLAINTIFFS**